IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ONDA SNOWDEN | § | |
| | § | |
| VS. | § | Civil Action No. 9:12cv206 |
| | § | |
| CAROLYN COLVIN, | § | |
| Acting Commissioner of Social Security | § | |
| Administration. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The Court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration. The magistrate judge submitted a report recommending that the decision of the Commissioner denying Plaintiff's application for social security benefits should be affirmed.

Plaintiff timely filed objections to the magistrate judge's Report and Recommendation. The Court has accordingly conducted a *de novo* review of the objections and the response in relation to the pleadings, the record, and the applicable law. *See* FED. R. CIV. P. 72(b); *see also* 28 U.S.C. § 636(b). After careful consideration, the Court concludes that the objections are without merit.

Plaintiff objects to the magistrate judge's finding that the ALJ did not err in determining that Plaintiff's severe bipolar disorder does not limit her residual functional capacity ("RFC"). *See Plaintiff's Objections to the Report and Recommendation* (Doc. #18)*,* at p. 1. Plaintiff states the ALJ found Plaintiff's bipolar disorder to be a severe impairment, meaning it significantly limits an individual's physical or mental ability to do basic work activities, but did not include any RFC limitations resulting from this severe impairment. *Id.* Plaintiff contends that because the ALJ found Plaintiff's bipolar

1

disorder to be a severe impairment, "it must significantly limit her ability to do basic work activities; therefore, the ALJ's findings are inconsistent." *Id.*

The Court's function is to determine whether substantial evidence exists in the record as a whole to support the Secretary's findings. *See Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990); *see also Fraga v. Bowen,* 810 F.2d 1296, 1302 (5th Cir. 1987). If the Secretary's findings are supported by substantial evidence, they are conclusive and must be affirmed. *See* 42 U.S.C. § 405(g); *see also Richardson v. Perales,* 402 U.S. 389 (1971). Substantial evidence means that evidence which is relevant and sufficient for reasonable minds to accept as adequate to support a conclusion. *See Selders,* 914 F.2d at 617 (citing *Jones v. Heckler,* 702 F.2d 616, 620 (5th Cir. 1983)).

When objecting to a magistrate judge's recommended disposition, "a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). A party "who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge." *Freeman v. Cnty. of Bexar,* 142 F.3d 848, 851 (5th Cir. 1998) (citing *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994)). In Plaintiff's initial brief (doc. #13)*,* Plaintiff only mentioned her mental impairments when challenging the ALJ's finding that Plaintiff's statements concerning the credibility of her symptoms were inconsistent with the RFC assessment. *See Plaintiff's Brief,* at p. 15. The only impairment Plaintiff discussed when claiming the ALJ failed to correctly apply the applicable legal standards in assessing Plaintiff's RFC is Plaintiff's seizures. *Id.* at p. 18. It appears as if Plaintiff is bringing up the argument that her mental impairments limit her RFC for the first time in her objections to the magistrate judge's report. Regardless, the Court will still consider Plaintiff's objections.

Plaintiff argues that Dr. Clark assessed Plaintiff's global assessment of functioning ("GAF") score as 50, but the ALJ rejected that GAF score and gave more weight to Dr. McLendon's assessment of Plaintiff's GAF score as 55. *See Plaintiff's Objections,* at p. 1. However, the ALJ described both Dr. Clark's mental status clinical interview (Tr. 14-15) and Dr. McClendon's psychological examination in great detail (Tr. 15-16) before deciding to give more weight to Dr. McLendon's assigned GAF score of 55 (Tr. 17). The ALJ considered Dr. Clark's assigned GAF score of 50, but stated this "GAF score was not assigned controlling because it is inconsistent with Dr. Clark['s] examination and the medical evidence as a whole" (Tr. 17). The ALJ has "the sole responsibility for determining what weight to give to the conflicting evidence, including medical evidence, presented to him." *Patterson v. Astrue,* 324 F. App'x 419, 422 (5th Cir. 2009) (citing *Newton v. Apfel,* 209 F.3d 448, 455-56 (5th Cir. 2000)). The ALJ specifically noted each of Dr. Clark's findings and determined these findings were inconsistent with Dr. Clark's GAF assessment (Tr. 16). There is substantial evidence in the record to support the ALJ's conclusions regarding Plaintiff's GAF score.

As for Plaintiff's bipolar disorder, the ALJ did make a finding as to RFC limitations due to Plaintiff's mental impairments, limiting Plaintiff to unskilled simple routine work (Tr. 13). A limited ability to carry out certain mental activities includes "limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision co-workers, and work pressures in a work setting." 20 C.F.R. § 404.1545(c). Based on this definition, unskilled simple routine work would qualify as a limitation on mental activities.

It is clear the ALJ properly considered Plaintiff's mental impairments in the RFC assessment. Looking to both Dr. Clark's mental status report (Tr. 14-15) and Dr. McLendon's psychological examination report (Tr. 15-16), the ALJ noted that Plaintiff "tries to take care of her own medication and medical appointments," "has a driver's license and drives twice a month," and "is able to take care of her own finances" (Tr. 16). Dr. Clark's mental status examination showed "the claimant's thought processes were goal directed and organized," "there were no details of hallucinations or delusions," and Plaintiff "had no difficulty with remote memory" (Tr. 16). Dr. McLendon's psychological evaluation found that Plaintiff "denied and did not exhibit any paranoid thinking" and "there was no evidence of hallucinations" (Tr. 16). Dr. McLendon reported Plaintiff's "judgment and insight were found to be good" and "there was no evidence of a significant problem related to memory function" (Tr. 16).

The ALJ also noted the RFC conclusions reached by the physicians employed by the State Disability Determination Services supported a finding of not disabled (Tr. 17). Dr. Cox's mental RFC assessment found that Plaintiff "can understand, remember, and carry out only simple instructions, make simple decisions, attend and concentrate for extended periods, interact adequately with co-workers and supervisors, and respond appropriately to changes in routine work setting" (Tr. 494). As for Plaintiff's credibility regarding her impairments, Dr. Cox found the "alleged limitations are not fully supported by the medical and other evidence in file" (Tr. 508).

Based on the foregoing analysis and the mental assessments of Dr. Clark, Dr. McLendon, and Dr. Cox, there is substantial evidence in the record to support the ALJ's finding that Plaintiff's mental impairments did not result in additional significant

4

limitations of Plaintiff's RFC.  The ALJ's findings regarding Plaintiff's mental impairment severity were reasonable and supported by substantial evidence.  Judge Giblin was therefore correct in determining that the Commissioner's decision should be upheld.

Therefore, the Court **ORDERS** that Plaintiff's objections (doc. #18) are **OVERRULED.**  The Court concludes that the magistrate judge's findings of fact and conclusions of law are correct.  The Report and Recommendation (doc. #17) is, therefore, **ADOPTED** and the Commissioner's decision is **AFFIRMED.**  The Court will enter final judgment separately.

So **ORDERED** and **SIGNED** this **29** day of **July, 2014.**

_____
Ron Clark, United States District Judge